UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. ____________________

MIRIAM REMBERT,

Plaintiff,

v.

CARNIVAL CORPORATION,

Defendant.
_____________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff sues Defendant and alleges:

**PRELIMINARY ALLEGATIONS**

1. The Plaintiff, MIRIAM REMBERT, is a citizen of New York.

2. Defendant, CARNIVAL CORPORATION, is a foreign entity with its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. At all times material hereto, Defendant, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

f. Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Carnival Sunshine*.

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

**FACTS COMMON TO ALL COUNTS**

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Carnival Sunshine.*

8. At all times material hereto, Defendant had exclusive custody and control of the vessel, the *Carnival Sunshine*.

9. On or about June 27, 2016, the Plaintiff was a paying passenger aboard the *Carnival Sunshine* vessel, which was in navigable waters.

10. On or about June 27, 2016, the Plaintiff was severely injured when she tripped on an unmarked bulge under the carpet on Deck 7 and fell.

**COUNT I – GENERAL NEGLIGENCE**

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through ten (10) as though alleged originally herein.

11. At all times material hereto, it was the duty of Defendant to provide the Plaintiff with reasonable care under the circumstances.

12. On or about June 27, 2016, Defendant and/or its agents, employees and/or crewmembers breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

a. Failure to maintain the subject area in a reasonably safe condition; and/or
b. Failure to adequately and regularly inspect the subject area for hazards, such as tripping hazards; and/or
c. Failure to adequately and regularly maintain the area free of hazards, such as tripping hazards; and/or
d. Failure to adequately repair the area to ensure that it is free of hazards, such as tripping hazards; and/or
e. Failure to mark the hazard on the flooring surface so that it was readily apparent to passengers, including Plaintiff; and/or
f. Failure to close off and/or place warning signs on or around the subject area to keep passengers and Plaintiff away from hazard; and/or
g. Failure to instruct and/or warn passengers using walkers, such as the Plaintiff, of the hazards in walkways aboard the ship (including but not limited to the subject area) presenting dangers to such persons; and/or
h. Failure to correct hazardous conditions following other trip and fall accidents in the same area; and/or
i. Failure to provide a reasonably safe walkway for passengers using walkers in the subject area; and/or

j. Failure to provide adequate assistance to passengers using walkers aboard the ship; and/or

k. Failure to maintain the flooring surface in a level condition.

13. All or some of the above acts and/or omissions by Defendant, its agents, employees and/or crewmembers, directly caused and/or contributed to the Plaintiff being severely injured.

14. At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject area.

15. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.

*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 S. Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Jacqueline Garcell*
**JASON R. MARGULIES**
Florida Bar No. 57916
jmargulies@lipcon.com
**JACQUELINE GARCELL**
Florida Bar No. 104358
jgarcell@lipcon.com